Defendant-appellant, BB RV Service, c/o Mike Bonacci, (hereinafter appellant), appeals from the verdict entered by the Berea Municipal Court, Small Claims Division in favor of plaintiff-appellee, Anne Diliman, (hereinafter appellee), in the amount of $3,000.00 plus court costs, as being against the manifest weight of the evidence.
The appellant and the appellee herein contracted for the appellant to customize a van owned by the appellee so that the appellee could use the van in the course of her business as a pet groomer. Specifically, the appellant was to install an electrical generator, electrical wiring, hot water heater, air conditioner, interior lighting, propane tank, gas furnace water tank and pump, counter top and rear wall overhead storage area. The total invoice for the conversions of the appellee's van came to $7,754.56. The appellee paid the appellant the full amount due upon completion of the project.
On November 16, 1998, the appellee filed a small claims lawsuit in Berea Municipal Court in which she alleged that the appellant's work was defective and that she incurred damages in the amount of $3,579.90 in making additional repairs to the generator, electrical system, propane tank and counter tops. The appellant answered stating that the work was not deficient and that he offered to make any modifications necessary to the van to conform to the appellee's specifications. The appellant represented at trial that he had twenty years of experience in the conversion van industry, although the bulk of his business consists of insurance repair work, and that he was factory trained by several manufacturers.
The case proceeded to a trial before a judge on April 7, 1999. Thereafter, on April 16, 1999, judgment was entered in favor of the appellee in the amount of $3,000.00 plus costs. The appellant timely filed the within appeal from the judgment of the trial court and presents the following assignment of error for our review:
 I. THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial. State ex rel. Squire v. City of Cleveland (1948), 150 Ohio St. 303, 345.
The standard for reviewing whether a civil judgment is against the manifest weight of the evidence was established in the syllabus of C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280 wherein the court held:
 Judgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
If competent, credible evidence is present, a reviewing court will not reverse the trial court's judgment. Fijalkovich v. W. Bishop Co., Inc. (Sept. 18, 1997), Cuyahoga App. No. 71725, unreported.
Although we have independently reviewed the evidence, as we are required to do when evaluating a manifest weight of the evidence assignment of error, we decline to substitute our judgment for that of the trial court, which had a superior opportunity to observe the witnesses it determined the credibility and weight to be given to their conflicting testimony. The appellee presented substantial evidence of the allegedly defective worksmanship in regard to the conversion of her van for use in her line of business.
Because this case was filed in small claims court and the appellee represented herself throughout the proceedings, the rules of evidence were relaxed at trial. Additionally, as there was no trial transcript, the parties each filed a statement of proceedings, which were subsequently approved by the trial court in accordance with App.R. 9(D). Our ability to review the record upon which the trial court based its verdict is, therefore, necessarily limited.
Given the forum of the trial in this case, the appellee did not need to present actual expert testimony. Rather, she was able to present the written findings of the industry professionals who told her the work was unacceptable. In Turner v. Sinha (1989),65 Ohio App.3d 30, the court reasoned as follows:
 The small claims division is a layman's forum and a judge or referee, while exercising some discretion should not deny a layman justice through the formalistic application of the law of evidence. Staff Note to Evid.R. 101. * * *
 This is the type of case for which the small claims courts were designed and we believe that formalistic application of the hearsay rules in this case would undermine the goals of the layman's forum. Turner had no expertise and her only alternative would be to subpoena the veterinarians into court. To require her to do so would place an undue burden on her and other small claims litigants similarly situated. Turner v. Sinha, supra, at 33-34.
As was the case in Turner, the appellee in this case was a layman who would have been unduly burdened by being forced to subpoena her experts to testify. The record clearly demonstrates that the appellee supported all of her claims with evidence consisting of invoices and estimates she received in attempting to bring the van into conformance with her original expectations. Therefore, we cannot say that the verdict of the trial court was not supported by competent and credible evidence. Accordingly, the appellant's lone assignment of error is overruled.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and SPELLACY, J., CONCUR.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE